Francis C. Coleman et al.

*v.*

Paul K. Blackburn et al.

(*Nashville,* December Term, 1959.)

Opinion filed March 11, 1960.

Stockell, Rutherford & Crockett, Nashville, for complainants.

William C. Wilson, Sam L. Felts, Jr., Nashville, James M. Swiggart, Special Assistant Attorney General, for defendants.

Mr. Chief Justice Prewitt delivered the opinion of the Court.

This is a suit for a declaratory judgment filed by Francis Coleman et al. against Paul K. Blackburn et al., the effect of which was to challenge the right of the defendants to grant the defendant, Blackburn, a license to practice as a public accountant.

It appears that defendant, Blackburn, filed the application for a license as a Public Accountant under Section 62-136, T.C.A.

The Administrative Committee rejected the application. Thereupon Blackburn filed an appeal to the Board of Accountancy under the provisions of Section 62-125, T.C.A., which reads:

"Any applicant for license to practice as a public accountant * * * who is aggrieved by any action taken by an administrative committee with respect to his qualifications or other matter which was before the committee, may appeal to the board in accordance with rules and regulations to be prescribed by the board."

Later it seems the Board granted Blackburn a license to practice.

The question presented is whether this action can be maintained as a bill for declaratory judgment or rather that the complainants should have pursued the remedy prescribed by Section 27-901, T.C.A. which provides:

"Any one who may be aggrieved by any final order or judgment of any board or commission functioning under the laws of this state may have said order or judgment reviewed by the courts * * * in the manner provided by this chapter."

Section 27-902, T.C.A. begins:

"Such party shall, within sixty (60) days from the entry of the order or judgment, file a petition for certiorari * * *."

The original bill is clearly not a petition for certiorari and there is no showing that the Board acted beyond its jurisdiction illegally, oppressively or arbitrarily.

It results that we find no error in the decree of the Chancellor and it is affirmed.

BURNETT and FELTS, JUSTICES, not participating.